UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Allscripts Healthcare, LLC**, <br><br> *Plaintiff*, <br><br> v. <br><br> **DR/Decision Resources, LLC** <br> **d/b/a Decision Resources Group**, <br><br> *Defendant*. | Case No. 19-cv-11038 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Allscripts Healthcare, LLC ("Allscripts") respectfully files this Complaint for damages and injunctive relief against Defendant DR/Decision Resources, LLC, which does business as Decision Resources Group ("DRG").

## NATURE OF THE ACTION

1. Allscripts is a health information technology company. As part of its business, Allscripts collects electronic health record and claims data, which it aggregates and holds as a trade secret. Allscripts licenses its proprietary data under strict terms that both protect the secrecy and economic value of the data and assure compliance with Allscripts' obligations under federal law to protect the privacy of patient health information.

2. Among Allscripts' licensees is DRG. DRG is licensed to use Allscripts' data to create analysis, reports, and other products to sell to its customers. However, the terms that govern DRG's use of the data that it licenses from Allscripts expressly provide that DRG will not sell or relicense the patient level data itself. Specifically, the terms provide that DRG "will not provide patient level Allscripts data to a client, either alone or in combination with other data sources."

3. Despite this, Allscripts has discovered that DRG *is* providing "patient level Allscripts data to [its] clients." Indeed, it appears that DRG has been doing so dating back to 2014, in obvious violation of its agreement with Allscripts. This is more than a breach of contract. DRG has been selling Allscripts' trade secrets, in violation of Massachusetts and federal law. DRG's unfair, deceptive, and unlawful trade practices have damaged Allscripts. Allscripts must be made whole, and DRG's willful and malicious conduct must be remedied.

## THE PARTIES

4. Allscripts is a North Carolina limited liability company with its principal place of business in Chicago, Illinois.

5. On information and belief, DRG is a Delaware limited liability company with its principal place of business in Burlington, Massachusetts (within Middlesex County, and the Eastern Division of this Court).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Allscripts' claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, pursuant to 28 U.S.C. § 1331, because the claim arises under the laws of the United States.

7. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal trade secret claim that they form part of the same case or controversy under Article III of the United States Constitution.

8. DRG is subject to personal jurisdiction in Massachusetts pursuant to Massachusetts General Laws, Chapter 23A § 2 because DRG has its principal place of business in this Commonwealth.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because DRG resides in this district (within the eastern division of the district), and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

**FACTS**

10. As part of its business, Allscripts derives patient data from the network of medical practices that have contractually consented to Allscripts' use of de-identified data from its software. Allscripts aggregates this patient data, de-identifies it to protect patient privacy and comply with applicable laws and regulations, and licenses it for specified purposes.

11. Allscripts employs rigorous practices to protect the privacy of its network of medical practices and their patients. For example, prior to licensing data from its network of medical practices to any recipient, Allscripts engages in due diligence to understand the purposes for which the recipient will use the data and to assess the recipient vendor's ability to protect the data. Furthermore, Allscripts requires certification from an independent expert that the data has been de-identified.

12. In June 2014, Allscripts and DRG entered into a Master Data License Services Agreement. Since then, the parties have amended the Master Data License Services Agreement four times (as amended, "Agreement"). The Agreement is attached to this Complaint as Exhibit 1. (Certain non-pertinent terms have been redacted.)

13. Under Section 3.1 of the Agreement, Allscripts' "Data" is defined as "the aggregated, de-identified patient data set derived from Allscripts' network of participating medical practices which use Allscripts electronic health records software, including any available updates

of such Data if set forth in the applicable Statement of Work." In this Complaint, Allscripts uses the term "Data" as defined in the Agreement,

14. Section 3.1 further states: "If Data is de-identified in accordance with a statistician certificate, both parties shall comply with the terms of such statistician certificate."

15. In Section 3.2 (as amended), Allscripts granted DRG the following limited license to use Allscripts' Data:

> Limited Use of Data. Subject to [DRG's] compliance with the terms of this Agreement, Allscripts hereby grants to [DRG] a perpetual, irrevocable (subject to [DRG's] continued compliance with the terms of the Agreement, including any terms that survive the expiration or termination of the Agreement) non-exclusive license to use the Data to create analyses, reports and products ("Client Products") using the Data and to commercially distribute such Client Products to its customers. ***If the Data is de-identified using a statistician certification, such license is subject to the terms and restrictions set forth in the statistician certificate.*** [DRG] shall have no authority, permission, right, or license with respect to the Data except as expressly and explicitly granted to it by Allscripts by the terms of this Agreement. Allscripts shall not be obligated to provide any Data where Allscripts is prohibited by applicable law or regulation or by contract.

(emphasis added).

16. Section 3.3 emphasizes that DRG's rights to use Allscripts' Data are restricted:

> Data Restrictions. [DRG] shall have no right to and shall not (nor shall it request that any third party) engage in the following: . . . (iii) sell, license, transfer or distribute the Data to any third party other than as permitted under this Agreement; [or] (iv) permit third parties to access the Data other than as permitted under this Agreement[.]

17. Nothing in the Agreement authorizes DRG to resell or license Allscripts' patient level Data to third parties, nor does the Agreement permit DRG to license Allscripts' patient level Data to third parties in violation of the applicable statistician certificate. The Agreement expressly prohibits uses of Allscripts' Data that are not expressly authorized.

18.     As to the Agreement's admonition in Section 3.1 that "[i]f Data is de-identified in accordance with a statistician certificate, both parties shall comply with the terms of such statistician certificate," and the like admonition in Section 3.2 that "[i]f the Data is de-identified using a statistician certification, such license is subject to the terms and restrictions set forth in the statistician certificate," two statistician certificates govern use of the Allscripts Data.

19.     The first, *HIPAA Certification: Allscripts EHR, Claims and Remit Data*, dated September 30, 2014, with revisions through June 20, 2016, covers Allscripts' de-identification of the Data.

20.     The second, *HIPAA Certification for Allscripts Decisions Resources Group Site Certification*, dated September 25, 2014 (the "Recipient Certification"), is attached as Exhibit 2. (Certain non-pertinent terms have been redacted.)  The Recipient Certification certifies that DRG is an appropriate recipient of the Allscripts Data and certifies that DRG's policies, procedures, training, and general security safeguards in place are sufficient to protect the Data.  In issuing the Recipient Certification, the statistician considers other sources of information DRG has access to; DRG's human, technical, and financial resources; and DRG's intended use of the Data, including combining the Data with other data sources.

21.     The Recipient Certification provides, in Section 9:

> Decision Resources Group will either keep the Allscripts data internally for its own use, or may create analyses, reports and products using data and other data and distribute such products to its customers ***under the condition that Decision Resources Group will not disclose the Allscripts data to any further parties.***
>
> Decision Resources Group and any third party clients of Decision Resources Group receiving Allscripts data as above may however as part of their business activities produce summary works and aggregated derivative works as part of its product offerings.  Such works must be sufficiently aggregated so to prevent any conclusions about individual patients.

(emphasis added).

22.     The Recipient Certification further provides, in Section 22:

> ***Decision Resources Group will not provide patient level Allscripts data to a client, either alone or in combination with other data sources.***  Decision Resources Group may disclose derivative works such as summaries and analytical results as long as they are not linked to any individuals.

(emphasis added).

23.     The parties revised the Recipient Certification on October 19, 2018.  The revised certification is attached hereto as Exhibit 3.  (Certain non-pertinent terms have been redacted.)  The revision did not change the terms pertinent to this dispute.

24.     Both Allscripts and DRG provided information the statistician used to develop the Recipient Certification, and both reviewed and approved it before the statistician finalized it.

25.     On September 17, 2014, DRG specifically informed Allscripts by email from its Executive Vice President for Solutions: "We have completed our internal review of the statistician's final certificate . . . . We agree to comply with the terms of the certificate, certifying that the data delivered to DRG is de-identified in compliance with HIPAA."

26.     Upon information and belief, DRG knew when it made this statement that it did not intend to comply with the terms of the Recipient Certification and instead intended to sell and/or relicense Allscripts' Data.

27.     Allscripts, in reliance on DRG's statement, provided DRG with Allscripts' Data.

28.     DRG has sold or licensed Allscripts' patient level Data to one or more clients.

29.     DRG is selling or licensing Allscripts' patient level Data to one or more clients.

30.     Allscripts' patient level Data that DRG licensed and then resold or sublicensed to its clients is subject to trade secret protection.  It is compiled information that derives independent

economic value from not being generally known. Its economic value is evidenced by DRG having resold or sublicensed the patient level Data.

31. Allscripts has taken reasonable steps to preserve the secrecy of its Data, including by requiring any entity that has access to Allscripts' Data to maintain the data's secrecy. Indeed, the Agreement itself contains strict limits on DRG's use of the Data; requires DRG to ensure employees and contractors adhere to the restrictions including confidentiality; and requires DRG to destroy the Data immediately after termination.

32. DRG's reselling or sublicensing of Allscripts' Data has inflicted harm on Allscripts. Among other damages, but for DRG's unlawful sales and/or sublicensure, Allscripts would have licensed the Data to the same customers and made the associated profits for itself while protecting the privacy of the patients associated with the data.

## COUNT I

## DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836

33. Allscripts realleges the foregoing paragraphs and incorporates them as if separately alleged herein.

34. Allscripts' Data constitute protectable trade secrets.

35. Allscripts has taken reasonable steps to keep its Data secret.

36. Allscripts' Data derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, others who could obtain economic value from the disclosure or use of the Data.

37. DRG disclosed Allscripts' Data without Allscripts' express or implied consent to DRG's customers.

38. At the time of the disclosure, DRG knew or had reason to know that Allscripts' Data was acquired under circumstances giving rise to a duty to maintain its secrecy.

39. DRG gained economic benefit from its misappropriation of Allscripts' trade secrets and cost Allscripts the economic benefit of those trade secrets.

40. DRG's use of Allscripts' trade secrets was willful and malicious.

## COUNT II

## MISAPPROPRIATION OF TRADE SECRETS UNDER MASSACHUSETTS LAW

41. Allscripts realleges the foregoing paragraphs and incorporates them as if separately alleged herein.

42. Allscripts' Data constitute trade secrets.

43. Allscripts has taken reasonable measures to preserve the secrecy of its Data.

44. DRG improperly resold and/or sublicensed Allscripts' Data in breach of its confidentiality obligations to Allscripts and its license, and DRG continued to acquire Allscripts' Data knowing that its improper use of such data was ongoing.

45. DRG's use of Allscripts' Data was willful and malicious.

## COUNT III

## BREACH OF CONTRACT

46. Allscripts realleges the foregoing paragraphs and incorporates them as if separately alleged herein.

47. The Agreement constitutes a valid, binding contract between Allscripts and DRG and imposes contractual obligations on DRG.

48. DRG has breached its obligations under the Agreement at least by selling and/or sublicensing Allscripts' patient level Data. DRG's acts and omissions breach DRG's obligations

under provisions of the Agreement, including but not limited to Sections 3.1, 3.2, 3.3, and 5.2, and may, after the filing of the Complaint, breach additional provisions of the Agreement.

49. Allscripts has sustained damages resulting from DRG's breach.

## COUNT IV

## UNFAIR AND DECEPTIVE TRADE PRACTICES – MASS. GEN. LAW C. 93A §11

50. Allscripts realleges the foregoing paragraphs and incorporates them as if separately alleged herein.

51. The transactions giving rise to this Complaint took place primarily and substantially within the Commonwealth of Massachusetts.

52. DRG is (and was at all relevant times) engaged in trade or commerce in Massachusetts, in connection with the actions giving rise to this Complaint.

53. The interactions between Allscripts and DRG have been commercial in nature, and commercial transactions exist between them. At all pertinent times, the parties and their employees have acted in a business context.

54. DRG's distribution of Allscripts' patient level Data constitutes unfair and deceptive trade practice and knowing and willful violations of Massachusetts General Law Chapter 93A. Among other things, DRG's conduct described above has been unfair, unethical, and unscrupulous, in bad faith, and has caused substantial injury to Allscripts, has been a knowing and intentional violation of undisputed contractual obligation to secure an improper commercial advantage, and has been a violation of state and federal law.

55. Among other remedies, Allscripts seeks to recover treble damages and reasonable attorneys' fees under c. 93A.

## COUNT V

## FRAUDULENT INDUCEMENT

56. Allscripts realleges the foregoing paragraphs and incorporates them as if separately alleged herein.

57. In September 2014, DRG stated to Allscripts: "We have completed our internal review of the statistician's final certificate . . . . We agree to comply with the terms of the certificate, certifying that the data delivered to DRG is de-identified in compliance with HIPAA."

58. That statement was a misrepresentation of material fact.

59. The misrepresentation was made to induce Allscripts to provide Allscripts' Data to DRG.

60. Allscripts reasonably relied on DRG's misrepresentation, which was consistent with the Agreement.

61. DRG's misrepresentation was willful, wanton, and malicious, as DRG knew at the time of the statement that it would be reselling and/or sublicensing Allscripts' patient level Data.

## REQUEST FOR RELIEF

Allscripts respectfully requests that this Court:

a. Preliminarily and permanently enjoin DRG (including DRG's officers, directors, employees, agents, and all persons acting in concert with them) from using or benefitting, directly or indirectly, from the possession, use, sale, or licensure of Allscripts' patient level Data in any form;

b. Order that DRG exercise its maximum contractual rights to require its customers to return or destroy any Allscripts' patient level Data that was provided to them by DRG;

    c.    Award Allscripts all available actual damages, including but not limited to expectation damages, lost profits damages, disgorgement, and reasonable royalty damages, in an amount to be proven at trial;

    d.    Award Allscripts exemplary damages and all other damages available under statute and common law, in an amount of at least two times actual damages;

    e.    Award Allscripts punitive damages and treble damages under c. 93A § 11;

    f.    Award Allscripts its attorneys' fees and costs for this action; and

    g.    Award other such relief as may be just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Allscripts demands a trial by jury on all issues so triable.

Dated: May 2, 2019

Respectfully submitted,

/s/ *Matthew L. Knowles*
Robert J. Cordy (BBO #99720)
Matthew L. Knowles (BBO #678935)
MCDERMOTT WILL & EMERY LLP
28 State Street, Suite 3400
Boston, Massachusetts 02109
(617) 535-3800
rcordy@mwe.com
mknowles@mwe.com

Michael S. Nadel (*pro hac vice* forthcoming)
Sarah P. Hogarth (*pro hac vice* forthcoming)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000
mnadel@mwe.com
shogarth@mwe.com

*Counsel for Plaintiff Allscripts Healthcare, LLC*