```
                   United States District Court
                     District of Massachusetts
```

| | |
|---|---|
| Allscripts Healthcare, LLC,   )  | |
|         Plaintiff,     )  | |
|         v.             )  | Civil Action No. |
| DR/Decision Resources, LLC,   )  | 19-11038-NMG |
| d/b/a Decision Resources Group ) | |
|         Defendant.    )  | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of plaintiff/counter-defendant Allscripts Healthcare, LLC ("Allscripts") to strike the motion of defendant/counter-claimant Decision Resources, LLC d/b/a Decision Resources Group ("DRG") for summary judgment.

Allscripts asserts, and DRG does not deny, that this Court instructed the parties at the scheduling conference that each would "only get one shot" at filing a dispositive motion. Allscripts contends that DRG's motion for Rule 11 sanctions was a thinly-veiled dispositive motion and that this Court should strike DRG's pending motion for summary judgment because DRG has already taken its "one shot."

There is significant overlap between the two motions filed by DRG.  DRG sought (and seeks) dismissal of the case in both and asserted (and asserts) substantially similar arguments, namely that:

> 1) the Master Data License Services Agreement ("Agreement") does not prohibit the sale of patient level data,
>
> 2) the Health Information Portability and Accountability Act ("HIPAA") certifications were incorporated into the Agreement for a narrow purpose and cannot modify the terms of the Agreement beyond that purpose and
>
> 3) the refusal to permit revision of the HIPAA certification demonstrates bad faith.

In fact, DRG borrowed several sentences verbatim from its Rule 11 motion to support its motion for summary judgment.  Because the two motions advance nearly identical arguments in support of dismissing the case, DRG's motion for Rule 11 sanctions will be considered a dispositive motion.

Notwithstanding the above conclusion, striking DRG's motion for summary judgment is not warranted under the circumstances. As Magistrate Judge Cabell noted in his Report and Recommendation denying DRG's motion for Rule 11 sanctions (which this Court accepted and adopted), "a Rule 11 motion is not a proper substitute for a dispositive motion."  The Magistrate Judge explained that it would be preferable to "adjudicate the merits . . . through summary judgment" and did not consider the merits of DRG's arguments insofar as DRG requested dismissal of

the case. Furthermore, the parties have spent significant time and effort filing memoranda supporting and opposing DRG's pending motion for summary judgment and the more prudent course is to consider the merits of their respective arguments this time.

### ORDER

Accordingly, the motion of plaintiff/counter-defendant Allscripts Healthcare, LLC to strike the motion of defendant/counter-claimant Decision Resources, LLC d/b/a Decision Resources Group (Docket No. 195) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 5, 2020