**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| Allscripts Healthcare, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. |
| | )   19-11038-NMG |
| DR/Decision Resources, LLC, | ) |
| d/b/a Decision Resources Group | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before this Court is the emergency motion of defendant Decision DR/Decision Resources, LLC, d/b/a Decision Resources Group ("DRG") for a temporary restraining order ("TRO"). DRG seeks an order from this Court requiring Allscripts to restore DRG's data feed, which Allscripts terminated on March 15, 2022. The cessation of that data feed eliminated DRG's access to the healthcare data that Allscripts allegedly is obligated to provide to DRG. The dispute about DRG's use of that data has formed the basis of this protracted litigation.

-1-

I.    **Background**

Allscripts is a healthcare technology company that collects, aggregates and de-identifies sensitive patient level data from a network of medical practices in compliance with applicable privacy and security laws and regulations.  In 2014, Allscripts entered into a Master Data License Services Agreement ("the Agreement") with DRG, a healthcare data analytics and consulting company that compiles and repackages licensed data for sale to third parties.  The Agreement established, <u>inter alia</u>, the permissible scope of DRG's use of the data provided by Allscripts.

In 2019, Allscripts initiated the instant litigation, alleging that DRG breached the Agreement, misappropriated Allscripts' trade secrets (i.e., the patient level data) under both federal and state law, engaged in unfair and deceptive practices in violation of M.G.L. c. 93A ("Chapter 93A") and fraudulently induced Allscripts to supply the subject data. Allscripts and DRG later stipulated to the dismissal of that final claim and, although DRG asserted a variety of counterclaims in its initial answer, the Court allowed Allscripts' motion for summary judgment as to each.

Thus, at the outset of the jury trial in February, 2022, the only outstanding claims to be tried were Allscripts'

remaining four claims against DRG.  The Court reserved to itself judgment on the Chapter 93A claim and, consequently, the claims presented to the jury were exclusively for breach of contract and misappropriation of trade secrets.  The jury was also charged with calculating damages, if any, associated with those claims.

After a nine-day trial, the jury returned a verdict in which it found DRG liable for breach of contract but not misappropriation of trade secrets and awarded Allscripts nominal damages of $1.  Briefing on the reserved Chapter 93A claim is due in the near future.

## II.  DRG's Motion for a Temporary Restraining Order

### A. Legal Standard

A request for a TRO is evaluated in the same way as a request for a preliminary injunction. Largess v. Supreme Jud. Ct. for State of Massachusetts, 317 F. Supp. 2d 77, 81 (D. Mass.), aff'd, 373 F.3d 219 (1st Cir. 2004).  Under the familiar standard, the movant must demonstrate that he

> is likely to succeed on the merits, that he is likely
> to suffer irreparable harm in the absence of
> preliminary relief, that the balance of equities tips
> in his favor, and that an injunction is in the public
> interest.

Voice of the Arab World, Inc. v. MDTV Medical News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citing Winter v. Natural Res.

Def. Council, Inc., 555 U.S. 7, 20 (2008)).  Even under this
standard, allowance of a TRO, as with a preliminary injunction,
"is an extraordinary and drastic remedy that is never awarded as
of right." Peoples Federal Sav. Bank v. People's United Bank,
672 F.3d 1, 8-9 (1st Cir. 2012).

> [An] injunction should issue only where the
> intervention of a court of equity is essential in
> order effectually to protect property rights against
> injuries otherwise irremediable.

Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982).

Although it is only the first of four factors, whether the
movant is "likely to succeed on the merits" is the "sine qua
non" of the test for a preliminary injunction and, therefore,
for a TRO. Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993).

> In the ordinary course, plaintiffs who are unable to
> convince the trial court that they will probably
> succeed on the merits will not obtain interim
> injunctive relief.

Id.  That factor is "the main bearing wall of the four-factor
framework." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102
F.3d 12, 16 (1st Cir. 1996).

## B. Application

The Court will deny the motion because DRG has failed to
satisfy the first and most significant factor in that framework.

DRG asserts that it is likely to succeed on the merits
because Allscripts' efforts to terminate the Agreement by

-4-

shutting off the subject data feed is unlawful.  That contention is, however, doubtful for the very basic reason that Allscripts' performance under the Agreement is not, and has not been, at issue before this Court since at least February, 2021, when the Court dismissed defendant's counterclaims.

DRG's contractual performance was the sole issue at trial and it is that issue that will concern the Court in determining the outstanding Chapter 93A claim.  DRG cannot therefore carry its burden to "show a strong likelihood of success," Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010) (citing Winter, 555 U.S. at 7), by proving Allscripts' wrongful conduct because there is no underlying claim for relief currently pending before this Court.

If the movant cannot demonstrate that he is likely to succeed on the merits of his claim, "the remaining factors become matters of idle curiosity." Sindicato Puertorriqueno de Trabajadores v. Fortuno, 699 F.3d 1, 10 (1st Cir. 2012).  Thus, the analysis supra is sufficient to deny DRG's motion.

However, the Court also finds that DRG has not shown that it will be irreparably harmed in the absence of a TRO.  Parties do not dispute that the language of the Agreement and the documents incorporated therein provide only that Allscripts is required to deliver DRG updated data on a quarterly basis,

rather than monthly or daily.  According to the Agreement, Allscripts is not contractually obligated to provide updated data to DRG until April 28, 2022.  Defendants assert that Allscripts' performance under the contract has modified the terms of the relationship between the parties.  Although the Court declines to further develop its ruling under these time-sensitive circumstances, it disagrees with defendant's contention and finds that DRG can assert no legally cognizable harm until that date has come and gone.  DRG has failed to demonstrate that the Agreement, even if still in force, requires performance of the plaintiff in the manner deemed crucial by defendant.

**ORDER**

For the foregoing reasons, defendants' motion for a temporary restraining order (Docket No. 400) is **DENIED.**


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 18, 2022